UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRED CRAIG,<br>       Plaintiff,<br>    v.<br>V. BRIM,<br>       Defendant. | Case No. 15-cv-03664-PJH<br><br>**ORDER**<br>Re: Dkt. Nos. 31, 36 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Defendant filed a motion for summary judgment on May 10, 2017. Plaintiff has filed a motion seeking an extension, the appointment of counsel and discovery.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex. The motion to appoint counsel is

1 denied.

2 Plaintiff also requests discovery from defendant. Plaintiff is informed that the court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

It does not appear that plaintiff has sought the discovery from defendant. Plaintiff should present a specific discovery request to defendant and not the court. Plaintiff's motion for discovery is denied.

## CONCLUSION

1. Plaintiff's motion that no further extensions be provided for defendant to file a motion for summary judgment (Docket No. 31) is **DENIED** as moot.

2. Plaintiff's motion (Docket No. 36) is **DENIED IN PART**. The motion for the appointment of counsel and discovery is denied. The request for an extension is granted.

2

Plaintiff may have until **July 10, 2017**, to file an opposition to summary judgment.  Failure to file an opposition may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: June 5, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_03664_Craig_v_Brim_(PSP)\15-cv-03664-PJH-ord4.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT FRED CRAIG,

        Plaintiff,

    v.

V. BRIM,

        Defendant.

Case No. 15-cv-03664-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Fred Craig ID: AS6563
San Quentin, CA 94974

Dated: June 5, 2017

        Susan Y. Soong
        Clerk, United States District Court

        By:____*Kelly Collins*____
        Kelly Collins, Deputy Clerk to the
        Honorable PHYLLIS J. HAMILTON

4