UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT FRED CRAIG, | Case No. 15-cv-03664-PJH |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; STAY AND REFERRAL TO MEDIATION** |
| v. | |
| V. BRIM, | |
| Defendant. | Re: Dkt. No. 33 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. His claims arise from his detention in San Quentin State Prison ("SQSP"). Plaintiff alleges that defendant nurse Brim was deliberately indifferent to his serious medical needs and retaliated against plaintiff after he filed an inmate appeal. Defendant has filed a motion for summary judgment. Plaintiff has filed an opposition, and defendant has filed a reply. For the reasons set forth below, the motion is granted in part and denied in part.

**DISCUSSION**

**Motion for Summary Judgment**

**A. Summary Judgment Standard**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying

those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

At summary judgment, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

**B. Eighth Amendment Standard**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id*. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

### C. First Amendment Standard

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence). The right of access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Thus, a prisoner may not be retaliated against for using such

3

procedures. See *Rhodes*, 408 F.3d at 567.

**D. Facts**

The following facts are undisputed except where indicated otherwise:[1]

Plaintiff was incarcerated at SQSP during the relevant time. Am. Compl. at 1. Defendant Brim was a nurse at SQSP during the relevant time. *Id.* at 4. Plaintiff is a diabetic who takes insulin. *Id.*

On March 3, 2015, plaintiff had a medical appointment with defendant to receive insulin. *Id.* Defendant provided plaintiff with the wrong insulin dosage and the wrong type of insulin. *Id.* Plaintiff had an adverse reaction and was taken to the hospital. *Id*; Motion for Summary Judgment ("MSJ"), Cregger Decl., Ex. A. He later returned to the prison. *Id.* Plaintiff submitted an inmate appeal shortly after this incident. MSJ, Cregger Decl., Ex. A.

On July 28, 2015, plaintiff had another medical appointment with defendant to receive insulin. MSJ, Cregger Decl., Ex. B. Defendant was about to provide the wrong dosage of insulin, but plaintiff brought this error to her attention and plaintiff was provided the correct dosage. *Id.* Plaintiff took the correct dosage and there was no medical harm. *Id.*

Plaintiff submitted an inmate appeal regarding the second incorrect insulin dosage on July 31, 2015. *Id.* Plaintiff sought for defendant to be held accountable and not issue any reprisals against plaintiff. *Id.* On or about August 3, 2015, defendant made a comment to another correctional officer that she was nervous and uncomfortable around plaintiff. MSJ, Cregger Decl., Ex. C. The correctional officer spoke to plaintiff and told him not to disrespect defendant. *Id.* Plaintiff had a job working in the same building as defendant for the previous year and two months. *Id.* The correctional officer asked plaintiff to change his work shift so he would not interact with defendant. *Id.* Plaintiff changed his shift, but defendant again saw plaintiff and once again spoke to the

---

[1] The court notes that defendant Brim has not submitted a declaration.

4

correctional officer. *Id.* Plaintiff was then removed from his job. Am. Compl. at 4; MSJ, Cregger Decl., Ex. D.

**ANALYSIS**

**A. Eighth Amendment Claim**

Plaintiff argues that defendant was deliberately indifferent to his serious medical needs by providing the incorrect insulin on two occasions. It is undisputed that plaintiff was provided the incorrect insulin in March 2015 and had to be taken to the hospital. It is undisputed that plaintiff did not take the incorrect insulin in July 2015. Plaintiff noticed the error, was provided the correct insulin and there was no medical harm.

However, plaintiff only demonstrates that defendant made a mistake and was perhaps negligent. A claim of negligence or medical malpractice is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch because claims did not amount to more than negligence); *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pain is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

Even viewing the evidence in a light most favorable to plaintiff, defendant has met her burden in showing that there is no genuine dispute as to any material fact and she is entitled to judgment as a matter of law with respect to the medical claim. Defendant's actions while perhaps rising to the level of negligence do not meet the high standard for an Eighth Amendment claim, and plaintiff has failed to meet his burden in showing a genuine issue for trial. Summary judgment is granted for this claim.

**B. First Amendment Claim**

Plaintiff argues that as a result of filing the inmate appeal regarding the incorrect insulin in late July 2015, defendant spoke to a correctional officer about feeling "nervous and uncomfortable" around plaintiff and plaintiff lost his job. Defendant has not provided any evidence to counter plaintiff's argument. Rather, defendant argues that plaintiff has failed to provide enough evidence to survive summary judgment. Defendant contends that evidence showing that she was nervous and uncomfortable around plaintiff is insufficient to show retaliation.

However, the undisputed evidence demonstrates that a few days after plaintiff filed the inmate appeal, defendant spoke to a correctional officer and made the statement about plaintiff. Plaintiff changed his work schedule, but defendant saw plaintiff and again spoke to a correctional officer. Plaintiff then lost his job that he had had for the prior year and two months. Defendant has offered no explanation as to why she was all of a sudden nervous and uncomfortable around plaintiff despite his prior complaint about her medical error, which had been submitted four months earlier, and his working in the same building for the prior year and two months. Nor is there any explanation as to why plaintiff lost his job. Moreover, the court must view the evidence in the light most favorable to the plaintiff, the nonmoving party.

Evidence probative of retaliatory animus includes proximity in time between the protected speech and the alleged adverse action, the prison official's expressed opposition to the speech, and the prison official's proffered reason for the adverse action was false or pretextual. *See Shepard v. Quillen*, 840 F.3d 686, 690 (9th Cir. 2016). Retaliatory motive may also be shown by inconsistency with previous actions, as well as direct evidence. *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003).

A jury could find that defendant's comments about plaintiff resulted in the loss of his job because of his filing of the inmate appeal and chilled the exercise of his First Amendment rights. Defendant has presented no evidence that her actions reasonably advanced a legitimate correctional goal. Defendant has failed to meet her burden and

summary judgment is denied.

### C. Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id.* at 205. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

With respect to the medical claim, the court has not found a constitutional violation and even if there was a violation it would not be clear to a reasonable nurse that such a mistake would violate the Eighth Amendment. Defendant is entitled to qualified immunity for this claim.

With respect to the retaliation claim, defendant is not entitled to qualified immunity. Plaintiff has adequately alleged a violation of a clearly established constitutional right, in that a reasonable person in defendant's position would not have believed that it was lawful to have plaintiff removed from his job after filing an inmate appeal.

7

**FURTHER PROCEEDINGS**

In light of the court's denial of this motion, this case shall be referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings will take place within **one hundred and twenty days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the proceedings, file with the court a report of the proceedings.

**CONCLUSION**

1. For the reasons set forth above, the motion for summary judgment (Docket No. 33) is **DENIED** in part. Summary judgment is granted for the Eighth Amendment claim, but the First Amendment retaliation claim continues.

2. The case is referred to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The clerk shall send a copy of this order to Magistrate Judge Vadas in the Eureka Division. In view of the referral, this case is **STAYED** pending the settlement proceedings.

3. The parties are ordered to attend the proceedings and take part in them. Plaintiff is cautioned that failure to attend or take part in the settlement conference may result in the dismissal of this action. He is not required to settle the case, but he must attend and take part in settlement discussions.

**IT IS SO ORDERED.**

Dated: August 30, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2015\2015_03664_Craig_v_Brim_(PSP)\15-cv-03664-PJH-sj.docx

8

1  UNITED STATES DISTRICT COURT
2  NORTHERN DISTRICT OF CALIFORNIA

ROBERT FRED CRAIG,

    Plaintiff,

  v.

V. BRIM,

    Defendant.

Case No. 15-cv-03664-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Fred Craig ID: AS6563
San Quentin, CA 94974


MagRef; NJV CRD via email


Dated: August 30, 2017

Susan Y. Soong
Clerk, United States District Court

By:____*Kelly Collins*____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON